UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CODY DENNISON                                                      PLAINTIFF

v.                                              CIVIL ACTION NO. 4:22-CV-P73-JHM

DAVIESS COUNTY *et al.*                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This is a *pro se* civil-rights action brought pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow others to proceed.

**I.**

Plaintiff Cody Dennison is incarcerated as a pretrial detainee at the Daviess County Detention Center (DCDC). He names as Defendants Daviess County, Kentucky, and three employees of Southern Health Partners (SHP) who work at DCDC – Head Nurse Jenny Phillips, Nurse Nicki Fentress, and Nurse Cassie Thompson. Plaintiff sues Defendants Phillips, Fentress, and Thompson in their official capacities only. As relief, Plaintiff seeks damages.

Plaintiff makes the following allegations in the complaint:

I'm writing under "Prison Litigation Reform Act" (PLRA) or "Tort." For improper sanitation for scabies and show they consciously chose an easier an less efficacious treatment plan by only treating the one's who had it, leaving them in the cell with others. They was put on medical isolation two (2) times before I got put in the cell. Dates May 2, 2022, to May 5, 2022, and May 6, 2022, to May 10, 2022. The third (3) isolation was my third (3) day in the cell I began to get bumps on my feet and hands and they itched. So I asked the guard to get the nurse because I think I got scabies. She came put us on isolation and said she don't know what scabies looks like that I had to wait for the other nurse. The next day the other nurse came Jenny Phillips and checked and said it was scabies and she was going to get me some Permethrin Cream 5% W/W. And I asked is she going to get it for everyone in the cell and she said No. I then said it didn't make sense then everyone started asking for the treatment cream so we didn't have to go through this anymore she said she

has to ask the Doctor. The next day on May 17, 2022, treated the hole cell and ended on May 20, 2022.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

has to ask the Doctor. The next day on May 17, 2022, treated the hole cell and ended on May 20, 2022.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Defendant Daviess County and Official-Capacity Claims**

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Phillips, Fentress, and Thompson are actually against SHP, whom Plaintiff indicates is their employer.

Upon consideration, <u>the Court will allow Fourteenth Amendment claims to proceed against Defendant Daviess County and SHP</u>. In allowing these claims to proceed, the Court passes no judgment upon their merit or upon the ultimate outcome of this action.

The Court will direct the Clerk of Court to add SHP as a party and will dismiss Plaintiff's official-capacity claims as redundant to the continuing claim against Defendant SHP.

### B. Defendant Phillips

Plaintiff only sues Defendant Phillips in her official capacity, but even if the Court allowed Plaintiff to amend the complaint to sue her in her individual capacity, his claim against her would still fail. The standard for inadequate-medical-care claims brought by pretrial detainees under the Fourteenth Amendment has been in flux in the Sixth Circuit. In *Greene v. Crawford Cty.*, the Sixth Circuit summarized the developing case law as follows:

> Until recently, this Court "analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims 'under the same rubric.'" *Brawner v. Scott Cty.*, 14 F.4th 585, 591 (6th Cir. 2021) (citation omitted). The Eighth-Amendment framework for deliberate indifference claims has an objective and a subjective component. *Griffith v. Franklin Cty.*, 975 F.3d 554, 567 (6th Cir. 2020); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "The objective component requires a plaintiff to prove that the alleged deprivation of medical care was serious enough to violate the [Constitution]." *Griffith*, 975 F.3d at 567 (quoting *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018)). The subjective component requires a plaintiff to show that "each defendant subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk by failing to take reasonable measures to abate it." *Id.* at 568 (quoting *Rhinehart*, 894 F.3d at 738). This is a high standard of culpability, "equivalent to criminal recklessness." *Id.*
>
> This court's opinion in *Brawner* changed things. In that case . . . the plaintiff argued that the Supreme Court's decision in *Kingsley v. Hendrickson*, 576 U.S. 389 (2015), "eliminate[d] the subjective element of a pretrial detainee's deliberate-indifference claim." *Brawner*, 14 F.4th at 591.
>
> …
>
> The majority opinion concluded that *Kingsley* [] required "modification of the subjective prong of the deliberate-indifference test for pretrial detainees." *Id.* at 596.
>
> …
>
> *Brawner* modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness: "A pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Brawner*, 14 F.4th at 597 (6th Cir. 2021) (quoting *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). In other words, a plaintiff must prove that the defendant acted "deliberately (not accidentally), [and]

4

> also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. (citation and quotation marks omitted).

*Id*. at 605-06.

The Sixth Circuit most recently articulated this modified standard as follows:

> A plaintiff must satisfy three elements: (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

*Trozzi v. Lake Cty.,* 29 F.4th 745, 757 (6th Cir. 2022).

For purposes of this initial review, the Court will assume that Plaintiff's alleged scabies infection constitutes an objectively serious medical need under the above standard. However, because Plaintiff's only allegation against Defendant Phillips is that when Plaintiff presented his condition to her, she correctly diagnosed him with scabies and provided him with the appropriate medication, the Court concludes that she cannot be said to have acted with reckless disregard to his serious medical needs. Moreover, to the extent that Plaintiff complains about Defendant Phillips's treatment of other inmates, Plaintiff cannot assert claims on any other inmate's behalf. *See, e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) ("Although 28 U.S.C. § 1654 provides that 'in all courts of the United States the parties may plead and conduct their own cases personally or by counsel,' that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake.").

Thus, even if Plaintiff had sued Defendant Phillips in her individual capacity, his claim against her would be subject to dismissal for failure to state a claim upon which relief may be granted.

### C. Defendants Fentress and Thompson

Similarly, even if Plaintiff had sued Defendants Fentress and Thompson in their individual capacities, Plaintiff's claims against them would still fail because the complaint contains no allegations against them. As set forth above, in order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Thus, because the complaint contains no "factual matter" concerning Defendant Fentress or Thompson, Plaintiff fails to state a claim against either.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's official-capacity claims against Defendants Phillips, Fentress, and Thompson are **DISMSSED** as redundant to his continuing claim against Defendant SHP and any individual-capacity claims against Defendants Phillips, Fentress, and Thompson are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**The Clerk of Court is DIRECTED to add SHP as a Defendant and to terminate Defendants Phillips, Fentress, and Thompson as parties to this action**.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date: August 9, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Daviess County Attorney
4414.011